IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| KELLY STREET, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 18-00477-CV-W-ODS |
| | ) |
| CITY OF HARRISONVILLE, | ) |
| | ) |
| Defendant. | ) |

<u>ORDER AND OPINION GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION</u>

Pending is Plaintiff's Motion for Preliminary Injunction. Doc. #3. For the following reasons, Plaintiff's motion is granted in part, and denied in part.

## I.     BACKGROUND

Defendant City of Harrisonville, Missouri regulates signs. A "sign" is defined as a "display…used to advertise, identify, display or attract attention to an object, person, institution, organization, business, product, service, event or location" using "words, letters, figures, design, symbols…." Harrisonville, Mo., Code § 435.070(B) (2006). A sign related to a political campaign, referendum, or ballot proposition (hereinafter, "election sign") is considered a "temporary event sign," and therefore, is subject to size, number, and temporal restrictions. §§ 435.070(B), 435.080(A)(17), 435.120. An election sign "may be displayed thirty (30) days prior to an election… [and] must be removed five (5) working days after the election." § 435(A)(1)(c). If a sign violates the City's sign ordinance, the owner must, "upon written notice from the City," remove the sign or bring it into compliance within ten days. § 435.150(A)(2)(d). If the sign is not timely removed, the City may remove the sign at the owner's expense. *Id.*

In June 2018, Plaintiff Kelly Street displayed two signs in his front yard. One sign contained the following phrases: "Vote No On Prop A," "Wrong for Missouri," and "#ProtectYourPay." Doc. #4-2. The other sign read "Proud Union Home," accompanied by what appears to be an emblem for the International Association of Machinists and

Aerospace Workers. *Id.* On June 5, 2018, the City issued a written warning to Street. Doc. #4-3. Street was informed the "municipal code regulates all election signage for candidates for office, levies, ballot issues or any other election. Although permits are not required for these signs, certain regulations do apply." *Id.* A portion of section 435.120(A)(1)(c) was included in the warning, stating election signs may be displayed thirty days before the election, and must be removed five working days after the election. *Id.* Street is thanked for his "cooperation until the proper time frame for any election signage." *Id.*

On June 19, 2018, Street filed this lawsuit alleging the City's sign ordinance[1] violates the Free Speech Clause of the First Amendment on its face and as applied to him because it is content based, overbroad, and a prior restraint on speech. Doc. #1. Street asks the Court to enjoin the City from enforcing the sign ordinance. Doc. #3. The City does not contest entry of a preliminary injunction prohibiting enforcement of the election sign portion of sign ordinance. Doc. #11. But the City argues Street's claims are not ripe for adjudication, and the scope of the injunction sought is too broad. *Id.* The motion is now fully briefed.

## II. DISCUSSION
### A. Standing

Neither party addresses whether Street has standing. Because standing is a threshold question, the Court must determine whether Street has standing to bring his as applied and facial challenges. *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 230-31 (1990); *see also Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). Article III "limits federal jurisdiction to cases and controversies, and the 'core component of standing is an essential and unchanging part of the case-or-controversy requirement.'" *Advantage Media, L.L.C. v. City of Eden Prairie*, 456 F.3d 793, 799 (8th Cir. 2006) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)). The "irreducible constitutional minimum" of standing has three elements: a plaintiff must have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the

---

[1] The "sign ordinance" is set forth as chapter 435 in the City's Code.

defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (quoting *Lujan*, 504 U.S. at 560).

To establish injury in fact for an as applied challenge under the First Amendment, a plaintiff must show "he would like to engage in arguably protected speech, but he is chilled from doing so by the existence of the [ordinance]. Self-censorship can itself constitute injury in fact." *281 Care Comm. v. Arneson*, 638 F.3d 621, 627 (8th Cir. 2011)) (citation omitted). Street alleges the sign ordinance prohibits him from engaging in protected speech more than thirty days before an election. And if he engages in speech proscribed by the sign ordinance, Street risks removal of the signs, the City trespassing on his property to remove the signs, and assessment of costs for removal of the signs. Doc. #1, ¶¶ 1-2, 21-23, 26-31, 36-37.[2] Street maintains the curtailment of his speech will only be redressed by the Court enjoining the City from enforcing the sign ordinance. Doc. #1; Doc. #4, at 15. Street's self-censorship is objectively reasonable given the ordinance proscribes protected speech beyond a certain timeframe, and the potential consequences he faces if he engages in the proscribed speech. Street has standing to bring an as applied challenge to the ordinance regulating election signs.

In the context of a facial challenge under the First Amendment, the Supreme Court has relaxed the prudential limitations on standing because "when there is a danger of chilling free speech, the concern that constitutional adjudication be avoided whenever possible may be outweighed by society's interest in having the statute challenged." *Sec'y of State of Md. v. Joseph H. Munson Co.*, 467 U.S. 947, 956 (1984). The facial overbreadth doctrine provides an avenue "whereby a law may be invalidated as overbroad if a substantial number of its applications are unconstitutional, judged in relation to the statute's plainly legitimate sweep." *Josephine Havlak Photographer, Inc. v. Vill. of Twin Oaks*, 864 F.3d 905, 912 (8th Cir. 2017) (citation omitted); *Excalibur Grp., Inc. v. City of Minneapolis*, 116 F.3d 1216, 1223 (8th Cir. 1997) (citation omitted). The "ordinance affecting both conduct and pure speech must be both 'real' and 'substantial' in relation to its 'plainly legitimate sweep'" to be facially invalidated. *Excalibur Grp.*, 864 F.3d at 1224 (quoting *N.Y. v. Ferber*, 458 U.S. 747, 769-70 (1973)).

---

[2] Street also contends he would risk being fined, but sets forth no basis for said fine.

3

Given the language of the ordinance regulating election signs, the protected speech proscribed by the sign ordinance, and the applicable case law, the Court finds the ordinance regulating election signs is overbroad, and the overbreadth of that ordinance substantially and realistically affects both conduct and pure speech. *See Whitton v. City of Gladstone, Mo.*, 54 F.3d 1400, 1409 (8th Cir. 1995) (finding an ordinance prohibiting landowners from displaying political signs on their property more than thirty days before an election violated the First Amendment). Street has standing to bring a facial challenge to the ordinance regulating election signs.

### B. Ripeness

The City contends Street's claims are not ripe. "The ripeness doctrine prevents courts 'through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also [protects] the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties.'" *Missourians for Fiscal Accountability v. Klahr*, 830 F.3d 789, 796 (8th Cir. 2016) (citation omitted). To decide ripeness, the Court considers "(1) the hardship to the plaintiff caused by delayed review; (2) the extent to which judicial intervention would interfere with administrative action; and (3) whether the court would benefit from further factual development." *Id.* at 796-97. "The touchstone of a ripeness inquiry is whether the harm asserted has matured enough to warrant judicial intervention." *Id.* at 797. "A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Id.* (internal quotations and citations omitted).

The City offers three reasons why Street's claims are not ripe. First, the City argues Street's claims are not ripe because only a warning was issued, and no further action was taken. Second, the City contends that, because it took no action related to Street's "Proud Union Home" sign, any claim associated with that sign is not ripe. Third, the City claims the sign ordinance allows for an appeal, but Street did not file an appeal.

The City's ripeness arguments are misguided. Street's assertion that he self-censored his speech to comply with the sign ordinance "dispenses with any ripeness concerns." *Missourians for Fiscal Accountability*, 830 F.3d at 797 (citation omitted).

4

Further, the denial of judicial review will impose a hardship on Street.  Street's intended future conduct of displaying political signs more than thirty days before the election is proscribed by the ordinance he challenges.  *See 281 Care Comm.*, 638 F.3d at 631 (finding the claims were ripe because "the injury is speech that has already been chilled and speech that will be chilled") (citation omitted).  If prompt judicial action is not taken, Street will be forced to choose between self-censorship or engaging in protected speech proscribed by the sign ordinance, risking consequences if he does so.  *See Susan B. Anthony List v. Dreihaus*, 134 S. Ct. 2334, 2347 (2014).  Given the upcoming election, Street will face hardship if the Court does not review the sign ordinance.

With regard to the "Proud Union Home" sign, the City argues no action was taken.  Street suggests the sign violated the ordinance because he did not obtain a permit, but the City contends no permit was required.  Nevertheless, the Court finds the warning issued to Street provides the answer to this conundrum.  Although it did not specify the sign(s) in violation, the warning referred to "election signage" and "ballot issues."  Doc. #4-3.  Significantly, in August 2018, Missouri voters were asked to decide Proposition A.  Given the subject matter of Proposition A, which would have prohibited forced membership in a labor organization as a condition of employment,[3] the "Proud Union Home" sign, particularly when displayed next to the "Vote No on Prop A" sign, is, in all likelihood, an election sign.  The warning arguably covered both signs, discounting the City's argument it took no action with regard to the "Proud Union Home" sign.

Although its reasoning is unspecified, the City contends Street's failure to appeal renders his claims not ripe.  The Court presumes the City is referring to potential interference with an administrative action.  *Missourians for Fiscal Accountability*, 830 F.3d at 796-97.  While section 435.055 provides for an appeal from the Director of Codes Administration's decision, the Director is not mentioned anywhere else in the entirety of the sign ordinance.[4]  Doc. #1-1.  Further, the sign ordinance does not set

---

[3] 2018 Ballot Measures, www.sos.mo.gov/elections/petitions/2018BallotMeasures (last visited Aug. 27, 2008).
[4] The Director of Codes Administration appears nowhere else in the City's Code, much less in the City's sign ordinance, which is the entirety of chapter 435.

forth the process one must use to obtain a decision from the Director, much less appeal the Director's decision to the Board of Zoning Adjustment. *Id.*

Although not discussed by the parties, the City's website proves futile as well. City of Harrisonville, http://ci.harrisonville.mo.us (last visited Aug. 27, 2018). While a search of the City's website reveals a phone number to register a complaint or concern with the "Codes Administration Department," no director is mentioned. http://ci.harrisonville.mo.us/faq.aspx?qid=89 (last visited Aug. 27, 2018). The City's "How Do I…" page provides links to contact information for city departments, but when accessed, neither the Director nor the Codes Administration Department is listed. http://ci.harrisonville.mo.us/index.aspx?nid=7 (last visited Aug. 27, 2018); http://ci.harrisonville.mo.us/directory.aspx (last visited Aug. 27, 2018). As best the Court can tell, the administrative process is incomprehensible, possibly nonexistent, and seemingly not accessible to Street. As a result, the Court is perplexed as to how Street's judicial proceeding would interfere.

For all of the foregoing reasons, Street's claims are ripe for review.

**C. Motion for Preliminary Injunction**

Because the City does not oppose Street's request to enjoin enforcement of section 435.120(A)(1)(c), which pertains only to election signs, the Court need not delve into the requirements for such an injunction. However, beyond that particular section, the parties disagree as to the scope of the preliminary injunction that should be issued. Although he initially sought enforcement of the sign ordinance in its entirety, Street now asks the Court to enjoin enforcement of seven sections (or subsections) of the sign ordinance.

A preliminary injunction preserves the status quo and prevents irreparable harm until the Court rules on the merits of the lawsuit. *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (citing *Dataphase Sys., Inc., v. C L Sys., Inc.,* 640 F.2d 109, 113 n.5 (8th Cir. 1981)). "[A] party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Id.*

The gravamen of Street's lawsuit is the City's regulation of election signs. Tellingly, the Complaint's "Introduction" only discusses Street's "two political signs," and the City's ordinance prohibiting him from displaying the signs more than thirty days before the election. Doc. #1, ¶¶ 1-2. Thereafter, the Complaint continually mentions Street's two signs, elections, and election signs. *Id.*, ¶¶ 1-2, 10-13, 16-18, 20-23, 26, 36-37. While he makes sweeping allegations about the entire sign ordinance being unconstitutional, Street does not assert injuries suffered as a result of any other section in the sign ordinance. *Id.*, ¶¶ 27-32.

This Court cannot enjoin conduct bearing no relationship to Street's injuries. *See Devose*, 42 F.3d at 471. Furthermore, Street has not established he has standing to bring claims challenging the constitutionality of other portions of the sign ordinance.[5] *See supra*, section II(A). And he has not shown a facial challenge to the sign ordinance, beyond the portion related to election signs, is ripe. *See supra*, section II(B). Therefore, the Court enjoins only the portions of the sign ordinance pertaining to election signs, and declines to enjoin the other sections requested by Street.

### III. CONCLUSION

Based upon the foregoing, the Court grants in part and denies in part Street's motion for preliminary injunction. It is hereby ORDERED:

A. The City is enjoined from enforcing section 435.120(A)(1)(c).

B. The City is enjoined from enforcing section 435.150 only to the extent that section relates to temporary event signs associated with a political campaign, referendum, or ballot proposition.

C. The City is enjoined from enforcing section 435.170 only to the extent that section applies to temporary event signs associated with a political campaign, referendum, or ballot proposition.

---

[5] For example, Street seeks to enjoin regulations associated with billboards, business signs, construction signs, and real estate signs, but alleges no injury suffered because of those regulations. Street also seeks to enjoin the City's enforcement of a definitional section, but does not suggest how the Court should enjoin enforcement of that section. Nonetheless, nearly all of the definitions are not implicated in this matter.

D. The City is enjoined from enforcing section 435.055 only to the extent the appeal process applies to temporary event signs associated with a political campaign, referendum, or ballot proposition.

E. This preliminary injunction shall remain in effect until this matter is decided on the merits.

F. This Court may issue this injunction "only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). The City did not request a bond. Accordingly, no bond is required.

The Court notes the parties' joint proposed scheduling order shall be filed with the Court by no later than September 14, 2018. *See* Doc. #8. Given the nature of this case, it seems unlikely that discovery is necessary. When submitting the joint proposed scheduling order, the parties shall inform the Court as to their position (jointly or separately) on whether discovery is necessary, and if it is necessary, identify, with particularity, the extent to which discovery is necessary.

IT IS SO ORDERED.

DATE: August 27, 2018

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT